**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

The State, Respondent,

v.

Daqwan M. Johnson, Appellant.

Appellate Case No. 2012-212696

———————————

Appeal From Richland County
R. Knox McMahon, Circuit Court Judge

———————————

Unpublished Opinion No. 2015-UP-192
Submitted March 1, 2015 – Filed April 8, 2015

———————————

**AFFIRMED**

———————————

Chief Appellate Defender Robert Michael Dudek, of Columbia, for Appellant.

Attorney General Alan McCrory Wilson, Chief Deputy Attorney General John W. McIntosh, Senior Assistant Deputy Attorney General Donald J. Zelenka, Senior Assistant Attorney General W. Edgar Salter, III, and Solicitor Daniel Edward Johnson, all of Columbia, for Respondent.

———————————

**PER CURIAM:**  Daqwan M. Johnson appeals his convictions for murder and attempted murder, arguing the trial court erred by (1) denying his motion for a continuance and (2) allowing the State to introduce evidence of his alleged gang affiliation.  Johnson argues he should be granted a new trial under *State v. Langford*[1] due to the trial court's refusal to grant a continuance.  We affirm pursuant to Rule 220(b), SCACR, and the following authorities:

1.  As to the trial court's refusal to grant a continuance:  *State v. Meggett*, 398 S.C. 516, 523, 728 S.E.2d 492, 496 (Ct. App. 2012) ("The denial of a motion for a continuance is within the sound discretion of the trial court and will not be disturbed absent a showing of an abuse of discretion resulting in prejudice."); *Langford*, 400 S.C. at 436, 735 S.E.2d at 479 ("Our determination that section 1-7-330 violates separation of powers is not dispositive . . . . To warrant reversal, [a defendant] must demonstrate that he sustained prejudice as a result of the solicitor setting when his case was called for trial. ").

2.  As to the evidence of Johnson's alleged gang affiliation:  *State v. Page*, 378 S.C. 476, 483, 663 S.E.2d 357, 360 (Ct. App. 2008) ("Whether a person opens the door to the admission of otherwise inadmissible evidence during the course of a trial is addressed to the sound discretion of the trial [court]."); *State v. Brown*, 344 S.C. 70, 75, 543 S.E.2d 552, 555 (2001) ("The erroneous admission of character evidence is harmless beyond a reasonable doubt if its impact is minimal in the context of the entire record."); *State v. Kirton*, 381 S.C. 7, 37-38, 671 S.E.2d 107, 122-23 (Ct. App. 2008) (holding the introduction of inadmissible evidence is harmless when the evidence is merely cumulative to other unobjected-to evidence).

**AFFIRMED.**[2]

**THOMAS, KONDUROS, AND GEATHERS, JJ., concur.**

---

[1] 400 S.C. 421, 735 S.E.2d 471 (2012) (ruling section 1-7-330 of the South Carolina Code (2005), which vests exclusive control of the criminal docket in the circuit solicitor, is unconstitutional).

[2] We decide this case without oral argument pursuant to Rule 215, SCACR.